Okay, we will call the second case on the calendar for argument, the National Lightning Protection Corporation v. East Coast Lightning Equipment, Inc. Counsel for Appellants, you're ready to go, and we're happy to hear from you. Thank you. May it please the Court. National Lightning Protection Corporation, or NLPC, truthfully advertised that its customers included amusement parks and stadiums, and truthfully advertised that its Prevectron III air terminal is UL certified. Those are not false advertisements that its lightning protection systems can protect open areas or that its entire system installations are accepted by the UL. The only pertinent enjoined advertisements under the original injunction. But the District Court ruled otherwise. Despite a 2008 decision from this Court clarifying that truthful advertising was not enjoined under the injunction, and the District Court further ordered that NLPC must change its advertising or face contempt sanctions. I'll begin my presentation by addressing the Court's request for discussion about jurisdiction, and then I'll move on to the Lanham Act issues. Now to assess jurisdiction, it's important to remember a few key facts about this case's long and convoluted procedural history. It was originally filed back in 1996. Eventually summary judgment was entered against NLPC in 2003, and it was due only to literally false statements. There were no true but misleading statements at issue. The final judgment, a permanent injunction, was issued in 2005. I'm going to stop there. When you went up on appeal from the original injunction, one of your arguments was, as I understand it, this injunction is too broad because it covers truthful statements. And the Court affirmed the injunction as it stood and said essentially it covers not only false statements but true statements that have a false implication. And that's what the panel said the first time through. That may have been a mistake as of law, but that's the law of the case. I'm not sure how you can come up this time and say that was a mistake, the panel should have restricted this to only false statements. Your Honor, thank you. I don't think it was a mistake, and here's the difference, and I'll get to it. If you actually look at that 2008 memorandum decision, the introduction concludes with we affirm in part, modify the injunction, and reverse in part. The Court ultimately declined to modify the language of the injunction, but it didn't include that emphasis. It's true that the injunction includes advertising, whether explicitly or implicitly, but the legal conclusion that justified it. Implicitly false statements are only enjoinable with proof of consumer confusion or relevant audience, or there's a narrow doctrine that's called the literally... I understand that doctrine, and I want you to address jurisdiction. My question was going to be very simple, which is if you look at the face of the injunction, does the conduct that your client engaged in post-injunction violate the injunction on its face? Well, Your Honor, I don't believe it does, because I think implicitly as using the injunction needs to apply only to literally false by necessary implication. Well, that's not the question that I asked. My question is, on the face of the injunction, does it violate... The injunction seems to prohibit what your client did. It may be an improperly brought injunction, but does it cover what your client did? We may be talking past each other, and I apologize, but I think what's important here on this issue is that given that the challenge statements and summary judgment leading up to the injunction only dealt with literally false statements, and specifically, I think it was the one NLPC advertisement addressed the summary judgment order was there's a Prevectron ad saying there's a minimum radius protection of 52 feet for a Prevectron mounted at five feet. There's no coverage in that order for an injunction against implicit statements, except those that are literally false by necessary implication. When the injunction is applied to cover a statement that does not fit within that narrow necessary implication doctrine, that is effectively an expansion of the injunction and is appealable as a modification. Well, so I assume that you're right. Here's the question that you were trying to get to, and I cut you off. So let me pose my difficulty for you. The district court ordered further proceedings. We've looked at the docket. Apparently, discovery is still ongoing. There's no contempt order. There's no... And so there are further proceedings below. Why is the district court's order a final order for purposes of appeal? Your Honor, I think under the United States versus our work case, there's sufficient finality. You know, that case is the Second Circuit case that was a lot like this one. It involved an enforcement of an injunction that had been entered over a decade ago. There is a final judgment. We've had one for 15 years. There was a finality of finding that these advertisements were prohibited, and if they weren't corrected, sanctions would be imposed. Importantly, and I don't know that that's... Sanctions have not been imposed, have they? They have not. Well, as the O'Rourke Court would say, the present sanction of the threat of being put under future sanctions is a cognizable sanction. But I don't know that this appeal, the jurisdiction, rises or falls on finality. O'Rourke goes on, and I think this might be a better fit for this case, to section 1292A1, modification of an injunction. There's no requirement of finality. In fact, I think that section explicitly covers interlocutory appeals. You know, any modification. And the analysis there is not whether or not the language got changed. That's never been the case. It's, you know, under the jurisprudence, an order modifies the injunction or, you know, rather than merely enforces it, whenever the district court extends the injunction beyond its original reach. There's no requirement that the court expressly modify its terms. Um, and with that, you know, this means that any purported enforcement where the district court misconstrues the original injunction to expand its reach is appealed. Let me ask you about the language in our 2008 memorandum disposition. I guess I thought, if there is jurisdiction here, it seems to me to turn really on the language that we need. And so, I understand our court to have interjected essentially in upholding the district court's injunction, this statement. Basically that you would be allowed to truthfully state your experience with ESE systems and compliance with foreign standards as long as they didn't do X, Y, and Z. And I guess I understand your argument to say that we are doing exactly what you thought we could do here. And so, to the extent the district court is now saying that we are barred from doing that, it obviously has modified the injunction because it's prohibiting something that was formally permitted. So, if that's your theory, help me understand how that plays out. Sure, and your honor, I think you explained it very succinctly. That's exactly what we're arguing. And it comes down to, you know, what is a customer list? You know, a customer list is a subset of experience. The finding in the order that's being appealed here, to the extent there's a finding at all, it basically says, well, the necessary implication of this customer list is that the systems effectively protected the listed locations. Now, perhaps that's one possible implication, but it's not the necessary implication, especially given the sophisticated audience that is here, engineers, architects, project owners. There's no finding that, viewed in full context, that the necessary implication is a falsehood. And I would submit, you know, that given the context, and it's in the excerpts of record, it's best understood as nothing more than a customer list. Why is a customer list a valuable advertising statement? It's valuable in every industry and profession. The implied statement is that the company is a trustworthy vendor, because look who trusts the company. You don't see any private individuals. You see institutions and recognizable places. And, you know, by the sheer breadth of customers, this is a widespread trust. You know, I think, you know, a few years ago, I bought a termite protection system that was touted as being installed at the White House. I don't care if it actually protects the White House. I care that, you know, that it was trusted to put in there, and the U.S. government trusted it. You know, the White House has wildly different construction and termite issues than, you know, my 1970s block house in Scottsdale. But it sticks with me more than saying, well, hey, the General Services Administration is a customer of ours. But that's not what the district court said. The district court said, look, you can list your customers. Nobody doubts you can list your customers. The injunction doesn't stop you from doing that. But when you say that your customers are UL certified, you're implying that you are, and that's what I'm stopping you from doing. It's that statement. It's not your customer list. It's your statement that your customers are UL certified, which I don't want you to make because you falsely implied years ago that you were UL certified. Your Honor, I'm not sure that's the enjoined statement. I think you might be conflating the two enjoined statements. One is by listing, you know, stadiums and amusement parks, you're implying that you can protect open spaces. That's one category. That's one. That's one for it. And then the other one is by saying your air terminal is UL certified, which it is. Yes. That's a false implication that the entire system is UL certified. Again, that seems to be pretty logically attenuated there. The district court really just looked back to an old order from the 2005 or so and said, well, you know, hey, maybe terminals are the same thing as systems. I don't think that that can stand. But, you know, let me get to the specific issue. I'm still interested in finality. So judge, except Judge Watford's characterization of your claim, that in effect, the court expanded the injunction and modified it. And it's now considering what to do to you because of that. Why should we hear that appeal until the court figures out what to do? Well, if you and Judge Watford agree that the court did modify the injunction, the inquiry is over. 1292A1 is an independent ground of jurisdiction. There's no more finality required for that. That's an appealable interlocutory order. You know, if two or three of you don't like, you know, our arguments on finality, that's fine. You know, we can live with that. But, you know, if it is accepted that this is a modification and, you know, I think the case law is pretty clear that whether or not something is modified is done by looking at it functionally, not by the, you know, the actual incantations or, you know, expressly changing the language. This is a modification. It is an expansion beyond the original reach. It is within this court's jurisdiction. Then the issue is to decide, is this in fact, you know, permissible or an overreach under the Lanham Act? Why don't you, you're running a little bit low on time. Why don't you turn to the merits then? Assuming that we were to find jurisdiction here, give us your argument on the merits. Sure. They're simply, if we accept the premise that the only implicit statements that are enjoined are those that are literally false by necessary implication, there's no support to, or there are no, it's a reversible error to find that these statements had one and only one, you know, one necessary implication that they can protect it. And I'll give an example here. You know, if you actually look at these things, they're in the excerpts of record. If you look at the list of stadiums, the majority of the facilities listed, and all of these are in a list, none are more prominent than others. They're indoor arenas or dome stadiums. There's a handful of open air stadiums that are in there. But on the following pages, when you look at amusement parks and golf courses, really that list is hotels and casinos. So if you consider these advertisements as a whole, which you must, it's not a necessary implication that the whole of SeaWorld and all of its open areas is protected by an ESE system. When SeaWorld, Orlando, Florida is in a long list between Westin Hotel, Westminster, Colorado, and Jacobs Casino, Blackhawk, Colorado. You know, if you accept the logic that the necessary implication that it is perceived, that the necessary implications that the entire area is protected, really NLPC shouldn't be allowed to advertise that it protects a hotel. I mean, hotels have, and casinos have parking lots usually. And if NLPC advertises that it's protecting an embassy suites in Omaha, well, boy, the necessary implication is, is that it's open area parking lot is also protected. You know, that logic just falls away. So I see I've got a minute left. I'll save that for a short rebuttal. Okay. Very good. We'll hear from your opponent. Is that Mr. Steele? Yeah, I think you are still on mute, sir. Here we go. Thank you. Thank you, your honor. I apologize. Getting used to Zoom. Good morning, Mr. Steele, on behalf of defendant and APLE East Coast Lightning. I'd like to just address the jurisdictional issue quickly. And you may have questions. I'm not sure. It's our position that injunction was not modified. That language is included in the injunction regarding explicit and implicit advertising. Maybe you should focus on the theory that I posited, because I guess I'm inclined to disagree with you. Based on, I'm sort of in agreement with you on the language of the original injunction, but I focused on the language in our decision, which, you know, put a gloss, so to speak, on how broadly the district court's injunction would be allowed to reach. And it seemed to me the thing that we stated affirmatively there that your opponent was going to be allowed to do in compliance with the injunction is pretty much what they're trying to do now. And so just address that theory that if, in fact, we read our 2008 decision as carving out this space where they're allowed to tout their experience with the system, and that covers, you know, just on your customer list and the like, then if the district court comes along in the subsequent order and says, no, no, no, actually that's prohibited. How could that be anything other than a modification? The way I would argue it and explain it, Your Honor, is in the Ninth Circuit decision, you, I think you have to read into it where it says, so long there's a caveat that the Ninth Circuit put on what they could do. And to make it logical and understandable with respect to the injunction that this court affirmed in all respects so to make it consistent, you have to read the caveat to say, so long as they do not use such evidence to support explicit or implicit claims that ESC systems provide a measurable zone of protection greater than 780 systems or that it can protect open spaces. I think that's the only logical way you can take this court's affirmance of the injunction in all respects and have this caveat languished. That's how I would explain it. The mere listing of customers who have purchased your product is not making any statement about the effectiveness of your product in protecting open spaces or any other space. All it is saying is that, I think as your opponent rightly put it, look, these companies or these entities had enough confidence in our product to pay money for it over and above, they have enough confidence over and above whatever the competing products are on the market to select ours. Now, if you were a customer thinking about buying NLPC's product as opposed to your client's product, obviously you'd have to do some due diligence to figure out whether in fact you were satisfied that the product was better, but all they're touting is their experience with their product in the sense that these other companies at least, go do your own due diligence to figure out if you agree with them, but they at least thought our product was worth paying money for. With all due respect, your honor, you have to take what they did in their website and put it in context. It's a marketing device. It's to sell more of their devices. The name of their company is National Lightning Protection. Their website, this is in the record, www.theprotectionsource.com. Can I interrupt you for a second? Because it seems to me the question Judge Watford asked is important in two respects and I want you to address it. First, the question is whether the district court modified the injunction or perhaps simply was mistaken about its breadth. Put aside the merits of this for a second. So the first question in my mind is whether the district court in looking at what your opponent did here thought it fell within the scope of the original injunction as interpreted by us. It may have been wrong. It may have been wrong. That's the second question. So that's the first question. Can you address whether the district court thought what it was prohibiting this time fell within the scope of the original injunction? I would say yes. Because it includes the word implicit. The court may have been wrong. That's a separate issue. I'm trying to focus on jurisdiction for a moment. I understand. You asked me. Modified the injunction or simply enforced it mistakenly. Those strike me as two separate questions. And you asked me, do you think the judge thought he modified the injunction? And I answered no. Because implicit, the word implicit is in the injunction. That was your question. Okay. Now as to the second question, what if the customer list hadn't included information about some of the customers being UL certified? Would it then have violated the injunction? The injunction also says you can't state that the appellant's device has been accepted by UL. I understand. I asked you to assume for a moment that the customer list that they advertised didn't say, as this one does, some of the terminals are UL certified. My question is, if they'd only given up their customer list. This is our customer list. True? Actually true statement. Would it violate the injunction? Yes. Because in our position is, our argument is, what it's saying indirectly is, we protect, our device can protect open spaces. If that's your position, if we get to the merits, don't you have a real problem? Is it really illegal to say that Yankee Stadium is my customer? Or SeaWorld is my customer? So long as there's an injunction that bars implicit statements or advertising is a better word, because that's what we're dealing with here, that it does protect Yankee Stadiums. If that is barred, an implicit statement, then there's a problem with that advertising. May I just say something? This is from Judge Silver. Judge Silver had to deal with these issues when a different plaintiff was having problems as well. And we brought it to the court's attention. Judge Silver said in her decision in 2008, this language, meaning the implicit language, this language, it clearly includes advertisements and promotional material that make an implicit claim of a greater area of protection and is within the core of the injunctions command. I think what you're, I guess, what you're not responding, in my view, to adequately is the language of our court's decision. I understand why you want to focus on the language of the original injunction. But frankly, from my standpoint, that's irrelevant, given the gloss that our court put on it. And our court put a gloss on it precisely in response to the argument that your opponent is now making. That, wait a minute, if you construe this in the way that you're asking us to construe it, what you're going to prohibit are entirely factually accurate statements. And that would pose, you know, First Amendment problems, really, at its core. And so what our court said is that you are going to be able to truthfully tout your experience with your systems, as long as you don't claim, no qualifier with implicit or anything else, as long as you don't claim that your system protects open spaces. There is nothing on that customer list that claims that their systems protect open spaces. All they're saying is that these people have done their due diligence and determined that in deciding which of the competing products on the market they wanted to purchase, they thought ours was the best. That's all they're saying. And I could see if you were complaining that some of the customers on there really hadn't purchased their product. That would obviously be a problem. But they're just being truthful. And I don't see how you can. I mean, to me, that's just an obvious modification of what our court said they were going to be permitted to do. And I guess you keep going back to the language of the district court's injunction. But from my standpoint, I think that's irrelevant. With all due respect, Your Honor, I don't see how you can square this court's affirmance of the injunction in its entirety. And say that language is irrelevant. The only way to me to make it consistent with what this court did in 2008, in terms of these caveats and affirming the injunction language is to read it in terms of you can't indirectly, you can't infer in advertising. But they're not making any statement about the effectiveness of their product to protect those areas. Just by listing the customers who have purchased a product. That is not, in my view, even implicitly touting some effective. It's not making some claim as to effectiveness. You have to go check with the purchasers of the product if you wanted to verify whether or not it was effective. Maybe 50 people at one of those places got killed by lightning strikes. I don't know. All they're saying is that these people decided that they liked our product better. And if it's a truthful statement, I don't see why the market should be deprived of that information. That just strikes me as a real overreach on your part to try to prevent them from merely listing places that bought their product. I can understand if it was captioned with, our product is effectively protected the following list of places. I grant you there, you would absolutely be in the right. But all they have said is that these people bought our product, period. No additional commentary, no additional claims, no nothing. Your Honor, I respectfully disagree because it's stated on a web page that includes their tagline, the protection source. Their website address, which says theprotectionsource.com. To me, they're sending the message. And that's what the judge below decided as well. They're sending a message that these places can be protected by our devices. And we're not just talking, Your Honors, about a child's toy. And whether one wind-up toy works better than the other. We're talking about lightning protection. Protecting human beings. So it's not just an innocuous or simple issue here about how their advertising was presented. And I can see, especially with Judge Watford, I respectfully disagree. I think they are making a claim here that the stadiums, the golf courses, the amusement parks are protected by the National Lightning Protection Company and their device because it's the protection source. Can I ask one other question that I just don't know the industry well enough? Who are the purchasers of your guys' products? Are these like regular, everyday consumers? Or in my mind, I'm guessing that they're probably pretty sophisticated folks who wouldn't be misled by the kind of implicit claim that you're suggesting is being made. Help me understand that. They're the customers, as I understand it, would be contractors, architects, engineers, city building departments, et cetera, et cetera. So I'm still stuck or not sure on what your position is on appealability. So it seems to me there's two ways for us to approach this. One is to say, look, the district court didn't modify the injunction. It may have applied it over broadly, and in which case, we wait for sanctions and try to figure out whether that was correct. My inclination is to think it may have applied it over broadly. Or the second question is that the district court modified the injunction. Sooner or later, you're going to be in front of us on these issues. So with respect to the merits, tell me why, and I understand when you include the UL language in this, it may have a false implication, because that's a separate issue. But go back to my original question. If it were just a customer list, nothing more. Their website simply said, we have many satisfied customers, including the following. Would it violate the injunction in your view? You asked me two questions. Let me quickly address them, if I could. As far as you said, I've never answered the question about jurisdiction. I don't think it was modified. That's 1292, and it's not a final appealable decision under 1291. Assume that it is. We get to the merits. I'm now asking you a hypothetical. Their website simply said, we have many satisfied customers, including the following. Would that violate the injunction? So long as the other language in the website about what type of company this is regarding lighting protection, then I would say... Tell me what the other... So if you assume that listing the customers alone would not violate the injunction, tell me what else there is here that makes it violate the injunction. With the addition... Well, not the addition. With the name of the company, the name of the website, the tagline is the protection source. All of this evidence justifies an inference that they're implying that it can protect all these open areas. That's my position. And therefore, the customer list would violate the injunction. Tell me... Deal with the UL issue for me because I'm not sure I understand it. Uh... The injunction said they cannot say that their device... Thank you. Is accepted by UL. So what is there in the... What is there in the advertisement that is now the subject of this litigation that implies that? Well, I will say this. National has since added a disclaimer, which I think fixes the problem, where they say UL... The UL certification only applies to the terminal. Okay, now I understand that, but that's not the one that we're talking about now. The one you were talking about is the previous one. So tell me what was in that that violated the injunction with respect to UL. Okay, it says it's UL certified and it's certified to a specific standard. It's a French standard. The French standard claims a larger zone of protection than NFPA 780, which is prohibited under the injunction. Okay, thank you. Okay, time is up. Thank you, your honor. Thank you, counsel. You've got a little bit of time remaining, Mr. O'Hara, for... ...and myself to the minute here. First at the top, East Coast spent some of its arguing about, you know, supposed public safety or dangerous product issues. There are government agencies that those arguments can be addressed to, but trying to expand and twist a 12-year-old injunction issued in a Lanham Act case isn't one of them. And on modification, this court in its 2008 decision thought it was modifying the injunction, even though it didn't change its text. Go back and look at it. It says we modify the injunction. And so, you know, the law of the case here is that the effect of an injunction could be modified even without changing its literal text. And I would say, you know, when the district court makes a mistake about breadth that in effect expands it, that's a modification. And it doesn't, you know, to get to Judge Hurwitz's concern, I don't think it matters what the district judge thought. I don't think Judge Reyes was out to get us or to exceed the original injunction, but it matters when he does an objective effect. There's not a good faith defense to appellate jurisdiction. Here, there has never been a finding of consumer confusion or any other relevant confusion for false advertising. So the prohibition of any implicit statements needs to be extremely narrow. And the sophistication of the customer needs to be concerned. We agree that, you know, these are not grocery shoppers in the impulse line making a decision based off of a package advertisement. These are people who know what a UL certified terminal is and how that's different than a UL accepted system or installation. And that was never grappled with by the district court, certainly in this 2019 decision. Mr. Harrell, can you help me with this? I know that the panel the first time through said it was modifying the injunction. But as I read the MED disposition many times, I'm not able to figure out where it modified the injunction. Can you point out for me specifically where it modified it? Well, I think it's the clarification that Judge Wadford has brought up a couple of times and we've, you know, focused on in our briefing, which is, you know, hey, we don't need to change the text of this because this is not going to prohibit truthful statements among other things, you know, your experience with the product, your compliance with foreign standards, things like that. So long as you're not doing that to support an explicit or implicit statement that falls into one of the prohibited categories. And again, you know, we just don't have any evidence or even any analysis based on the sophistication of the relevant audience that would support anything other than, you know, the ability to protect open areas. If you took it to its maximal extreme, right, I mean, I'll... So you're being honest. So let me ask you this. I take it what you're saying is in order to figure out how they modified the scope of the injunction, you need to read something into the MemDisc because they never expressly say how they modified the scope of the injunction. Yes, yes. For the Ninth Circuit, the Ninth Circuit thought it was modifying the injunction. It went on to say, we're not going to change its language. You know, I think they did modify it. I think it was a special emphasis that, hey, implicit, the restriction on implicit speech here is very, very narrow and it was not narrowly applied in what we're appealing today. So I think there is jurisdiction. I think it is reversible. And that's what I'd ask this court to do. Okay. Thank you, counsel. Case just argued is submitted.
judges: Watford, Hurwitz, Battaglia